**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11039
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSEPH ANTHONY CANO BONILLA,
a.k.a. Joesph Anthony Cano Bonilla,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20449-KMM-1
_____

Before ROSENBAUM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

Joseph Cano Bonilla pleaded guilty to distributing metham-phetamine and was sentenced to 151 months of imprisonment. He

now appeals, arguing in relevant part that the government breached the plea agreement. The government agrees with Cano Bonilla's position, and the parties jointly move our Court for summary reversal.

Summary disposition is appropriate where, as relevant here, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). "[W]e review de novo whether the government has breached a plea agreement." *United States v. Malone*, 51 F.4th 1311, 1318 (11th Cir. 2022). "[T]he government breaches a plea agreement when it fails to perform the promises on which the plea was based." *Id.* at 1324 (citation omitted).

In this case, Cano Bonilla pleaded guilty to a single-count indictment pursuant to a written plea agreement. As part of that agreement, the government "agree[d] to remain silent on the purity of the methamphetamine," and the parties predicted that Cano Bonilla's advisory sentencing guideline range would be 97 to 121 months of imprisonment. However, Cano Bonilla's presentence investigation report ("PSI") stated that he was responsible for a total of 8,854 grams of a "pure substance" of "actual methamphetamine," assessed a heightened offense level, and, coupled with Cano Bonilla's criminal history category of II, calculated a guideline range of 151 to 188 months.

Cano Bonilla objected to these provisions of the PSI, but, at sentencing, the district court noted that the probation officer had

reported that a chemical analysis report "revealed that the amount of . . . pure substance . . . was 8,854 grams." The government responded that "the guidelines [were] correct and the purity and the lab report [were] correct," so "instead of couching [its argument] in terms of an objection to the guidelines," it was more so requesting a downward variance. The district court ultimately adopted the PSI's guideline calculations and imposed a within-guideline sentence of 151 months of imprisonment.

Here, the parties are clearly correct as a matter of law that the government's statement at sentencing breached its promise in the plea agreement to remain silent as to the purity of the methamphetamine. *Davis*, 406 F.2d at 1162; *Malone*, 51 F.4th at 1324. Because Cano Bonilla preserved an objection to this breach at the sentencing hearing, "automatic reversal is warranted." *United States v. Hunter*, 835 F.3d 1320, 1329 (11th Cir. 2016) (quoting *Puckett v. United States*, 556 U.S. 129, 141 (2009)).

Accordingly, we GRANT the parties' motion for summary reversal.[1] Cano Bonilla's judgment is **VACATED**, and this case is **REMANDED** for resentencing in accordance with "the terms of the [plea] agreement before a different judge." *Id.*

---

[1] The parties also request that we order the district court to strike the chemical analysis report from the record and order the preparation of an amended PSI. We DENY these requests WITHOUT PREJUDICE so the parties may seek such relief directly from the district court on remand.